IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN H. NORMAN, SR., | CIVIL ACTION |
| Plaintiff, | |
| v. | No. 13-5133 |
| LOWNHOME FINANCIAL HOLDINGS, LLC, ET AL., | |
| Defendants. | |

Goldberg, J.                                                                            June 30, 2015

**MEMORANDUM OPINION**

Plaintiff John H. Norman, Sr. brings this action against Hartford National Title, Inc., Hartford National Settlement Services, and Scott Penner seeking relief from a mortgage refinancing that occurred in 2007.

Presently before me is Defendants' motion for summary judgment. For the reasons discussed below, I will grant the motion.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

The following facts are undisputed unless otherwise indicated:

Plaintiff was the resident and owner of the property located at 6727 Egret Place, Philadelphia, Pennsylvania. On or about August 31, 2007, Lownhome Financial Holdings ("Lownhome") contacted Plaintiff regarding completion of a loan application. Later that evening, a Lownhome representative appeared at Plaintiff's home accompanied by several other individuals. These individuals presented Plaintiff with several documents.[1] Defendants contend

---

[1] In a deposition taken in the related foreclosure action, Plaintiff was unable to recall the identity

1

that Plaintiff signed these documents which constitute an agreement to refinance the mortgage on his property. Plaintiff claims that he was unaware of the content of the documents, the documents were blank and that the documents were merely a loan application.[2]

The mortgage refinancing documents were processed by Defendants Hartford National Title, Inc., a title company, and Hartford National Settlement Services, a settlement company. Scott Penner is the Director and President of both Hartford National Title, Inc. and Hartford National Settlement Services.

In 2009, Lownhome transferred the mortgage to CitiMortgage, Inc. which instituted foreclosure actions against Plaintiff. On July 30, 2012, Plaintiff was deposed in connection with the foreclosure action.

On September 3, 2013, Plaintiff filed a complaint alleging that Defendants violated the Pennsylvania Unfair Trade Practices Act and Consumer Protection Law ("UTPCPL"), 73 Pa. Cons. Stat. § 201 et seq. (Count One), the Truth in Lending Act, 15 U.S.C. § 1601 et seq. (Count Nine), and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq. Plaintiff also alleged fraud, deception and misrepresentation (Count Two); civil conspiracy (Count Three); negligence and negligent infliction of emotional distress (Count Four); unjust enrichment (Count Five); rescission (Count Six); equitable rescission (Count Seven); accounting (Count Eight); restitution (Count Ten); and slander (Count Eleven).

Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on January 16, 2014. On September 5, 2014, I dismissed all but Plaintiff's UTPCPL

---

of the individuals who appeared at his house or which institutions they represented. However, the Complaint alleges and, Defendants do not dispute, that Lownhome executed the mortgage.

[2] In his deposition, Plaintiff denies signing anything presented to him on August 31, 2007. However, the Complaint alleges that Plaintiff signed the documents but did so without knowledge of their contents. The latter argument is repeated in Plaintiff's response to the motion for summary judgment.

claim as barred by the expiration of the applicable statutes of limitations.

Defendants have moved for summary judgment on the remaining claim brought under the catch-all provision of the UTPCPL.

## II. **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 56(a), summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A dispute is "genuine" if there is a sufficient evidentiary basis on which a reasonable jury could return a verdict for the non-moving party, and a factual dispute is "material" if it might affect the outcome of the case under governing law. Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). The court must view the evidence in the light most favorable to the non-moving party. Galena v. Leone, 638 F.3d 186, 196 (3d Cir. 2011). However, "unsupported assertions, conclusory allegations or mere suspicions" are insufficient to overcome a motion for summary judgment. Schaar v. Lehigh Valley Health Servs., Inc., 732 F. Supp. 2d 490, 493 (E.D. Pa. 2010) (citing Williams v. Borough of W. Chester, Pa., 891 F.2d 458, 461 (3d Cir. 1989)).

The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the moving party's initial Celotex burden can be met by showing that the non-moving party has "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case." Id. at 322.

After the moving party has met its initial burden, summary judgment is appropriate if the

3

non-moving party fails to rebut the moving party's claim by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" that show a genuine issue of material fact or by "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c)(1)(A).

## III. DISCUSSION

Defendants argue that Plaintiff's UTPCPL claim fails as a matter of law because Plaintiff has not offered any evidence to support the allegation that Defendants engaged in deceptive conduct during the closing on August 31, 2007. In support, Defendants point to Plaintiff's sworn testimony taken during the deposition in the foreclosure action in which he is unable to recount the closing with any consistency or in any detail.

The UTPCPL prohibits "unfair methods of competition and unfair or deceptive acts" in the conduct of any trade or practice. 73 Pa. Cons. Stat. § 201-3. The UTPCPL specifically lists twenty prohibited acts and also contains a catch-all provision which prohibits "[e]ngaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." 73 Pa. Cons. Stat. § 201-2(4).

The UTPCPL "creates a private right of action in persons upon whom unfair methods of competition and unfair or deceptive acts or practices are employed and who[,] as a result, sustain an ascertainable loss." Hunt v. U.S. Tobacco Co., 538 F.3d 217, 221 (3d Cir. 2008) (citing 73 Pa. Cons. Stat. § 201-9.2). "The Supreme Court of Pennsylvania has consistently interpreted the UTPCPL's private-plaintiff standing provision's causation requirement to demand a showing of justifiable reliance, not simply a causal connection between the misrepresentation and the harm." Hunt, 538 F.3d at 227.

To establish "deceptive conduct" under the catch-all provision, a plaintiff must satisfy the following three elements: 1) a deceptive act, which is conduct that is likely to deceive a consumer acting reasonably under similar circumstances; 2) "justifiable reliance, in other words that he justifiably bought the product in the first place (or engaged in some other detrimental activity) because of the defendants' misrepresentation or deceptive conduct;" and 3) that his justifiable reliance caused an ascertainable loss. Seldon v. Home Loan Servs., Inc., 647 F. Supp. 2d 451, 470 (E.D. Pa. 2009) (citing Hunt, 538 F.3d at 233 n.14).

In response to Defendants' argument, Plaintiff asserts that:

> Defendants [sic] role in appearing at the home of a seventy-six (76) year old senior, who has dementia, at night, while he was all alone, with a stack of documents for Plaintiff's signature(s), while causing Plaintiff 'confusion' and 'misunderstanding', and resulting in a security interest as against his home, without his knowledge and consent, in a manner, or using conduct or practices that is deceptive, in the course of obtaining Plaintiff's signatures, is in violation of the PUTPCPA, under certain circumstances which is to be decided by a fact-finder at trial, and for which additional discovery is required.

(Pl.'s Resp., p. 2.)

Even assuming that this theory of "deceptive conduct" is viable under the UTPCPL catch-all provision, Plaintiff has offered no evidence to support these allegations. Plaintiff's unsupported assertion in the pleadings that he suffers from dementia is insufficient to create a genuine issue of material fact. Furthermore, Defendants note that, during his deposition taken in the related foreclosure action, Plaintiff denied that he suffered from dementia and also stated that it would not be apparent to a stranger that he suffered from any memory issues in 2007.

Furthermore, Plaintiff failed to point to any evidence that establishes what role Defendants played in the deceptive conduct that allegedly occurred during the closing. Plaintiff argues that "[t]he role that Defendants played in the 'Settlement Services' provided to Plaintiff will become clear upon completion of the discovery process." However, fact discovery is closed

5

and Defendants timely filed a motion for summary judgment noting the absence of any evidence to support Plaintiff's contentions. Plaintiff's statement that further discovery will disclose what role Defendants played in the alleged deceptive conduct is insufficient to survive summary judgment as Plaintiff bears the burden of pointing to particular parts of materials in the record which establish a genuine issue of material fact.

IV. **CONCLUSION**

For the foregoing reasons, Defendants' motion for summary judgment is granted. An appropriate Order follows.